Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, brought to charge the plaintiff in error, upon an indorsement made by her intestate. The evidence of demand and notice was contained in a deposition of the notary, in whose hands the note was placed. The defendant in the court below, then introduced another deposition of the same notary, given twelve months previous to the one read by the plaintiff, in which he gave a different and contradictory statement. The plaintiff below then proved that at the time the first deposition in the cause was taken, the notarial book of the witness was lost, and that he spoke from recollection alone ; but When the last was taken the, book had been found, and he had it before him to refresh his memory. U^ to this point the evidence upon both sides seems to have been unobjectionable. To rebut the other testimony, the defendant then introduced a witness, and asked him the question, whether he was acquainted with the general habit of the notary in keeping his notarial record, and whether he was not in the habit of leaving his memorandums of the notice of protest in blank, to be filled up after-wards. Upon the plaintiff’s objection, this testimony was excluded, and the case brought by bill of exceptions to this court.
*189 We think this question falls within the rule laid down in the case of Wood v. American Life Insurance and Trust Company, 7 How. 609, in regard to the evidence of this same notary, and that the proof offered should have been received.
For the error in its exclusion, the judgment will be reversed, cause remanded and new trial awarded.
Mr. Justice Thacher, having been of counsel in the court below, gave no opinion.